# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abubakar Hussein Ahmed, | No. CV-16-00935-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Public Safety, et al., | |
| Defendants. | |

At issue is *pro se* Plaintiff Abubakar Hussein Ahmed's Motion to Vacate Judgment (Doc. 9).

## I. BACKGROUND

Plaintiff filed his Complaint (Doc. 1) and Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) on April 4, 2016. Plaintiff also filed a Motion to Allow Electronic Filing. (Doc. 3.) On April 26, 2016, the Court denied Plaintiff's *In Forma Pauperis* Application after determining he had the ability to pay the Court's fees. (Doc. 7.) The Court ordered that Plaintiff pay the requisite fees within 30 days of entry of that Order. (Doc. 7.) Plaintiff failed to comply and the case was terminated on June 3, 2016. (Doc. 8.) Plaintiff now seeks to vacate that Order (Doc. 8), as well as the Court's Order denying Plaintiff's *In Forma Pauperis* Application (Doc. 7), and to obtain a ruling on his Electronic Filing Motion (Doc. 3).

## II. ANALYSIS

While Plaintiff cites several rules under which his motion is brought, Plaintiff chiefly seeks relief under Federal Rule of Civil Procedure Rule 60. *See* Fed. R. Civ. P. 60. Under Rule 60, the court may relieve a party from a final judgment, order, or proceeding for specific, enumerated reasons. *Id.* However, a "motion under Rule 60(b) must be made within a reasonable time . . . and . . . no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Although Plaintiff's Motion was brought in under a year—356 days from this Court's Order and 318 from the Clerk's termination of the action—it was not filed within a reasonable time. Plaintiff provides no adequate justification for the nearly year-long delay in seeking relief under any standard. While Plaintiff is *pro se*, and his pleadings construed broadly, "mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). This Circuit has made clear that "*[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (*pro se* litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (*pro se* litigants are subject to the same good faith limitations imposed on lawyers).

Even were Plaintiff's Motion brought in a timely manner, under Rule 60(b), a court may relieve a party from a final judgment or order only for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Plaintiff

fails to assert the presence of any of the enumerated reasons justifying relief under Rule 60, or any other reason. Instead, Plaintiff only contends that the Court abused its discretion in denying his *In Forma Pauperis* Application without discussing his income, assets, expenses, and debts. (Mot. at 2.) Such an allegation, even if true, is not proper grounds for relief under Rule 60.

### III. CONCLUSION

The only ground upon which relief might plausibly be granted in Plaintiff's favor under Rule 60(b) is for excusable neglect in not complying with the Court's directive to pay fees. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). The Court cannot conclude that Plaintiff has established excusable neglect given the Court's targeted and clear Order instructing him when and what to file—which Plaintiff does not dispute. Plaintiff's Motion provides no justification for his failure to comply with the Order, his delay in filing the current Motion, or his failure to file any timely motion for reconsideration. The Court concludes, therefore, that relief must not be granted under Rule 60(b). *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)).

**IT IS THEREFORE ORDERED** denying *pro se* Plaintiff Abubakar Hussein Ahmed's Motion to Vacate Judgment (Doc. 9).

**IT IS FURTHER ORDERED** denying Plaintiff's request for a ruling on his Motion to Allow Electronic Filing (Doc. 3) as moot. This action shall remain closed.

Dated this 24th day of April, 2017.

Honorable John J. Tuchi
United States District Judge